SHIVERS, Judge.
This workmen’s compensation appeal presents two issues on appeal and one issue on cross-appeal. We strike the portion of the order requiring employer/carrier to pay future medical services, but otherwise affirm.
The employer/claimant raises the following issues:
I. WHETHER THE DEPUTY COMMISSIONER ERRED IN ORDERING THE EMPLOYER/CARRIER TO PAY TO THE CLAIMANT 50% PERMANENT PARTIAL DISABILITY BENEFITS.
II. WHETHER THE DEPUTY COMMISSIONER ERRED IN ORDERING THE EMPLOYER/CARRIER TO FURNISH TO THE CLAIMANT SUCH MEDICAL CARE AND ATTENTION AS THE NATURE OF HIS RECOVERY MIGHT REQUIRE WHEN THIS WAS NOT AN ISSUE TO BE DETERMINED AT THE FINAL HEARING.
Claimant presents the following issue on cross-appeal:
THE DEPUTY COMMISSIONER ERRED IN FAILING TO FIND THAT CLAIMANT WAS PERMANENTLY AND TOTALLY DISABLED AS A RESULT OF THE ACCIDENT OCCURRING ON 8 MAY 1976.
After carefully reviewing the record on appeal, including the surveillance film introduced by employer/carrier, we find competent, substantial evidence to support the finding that claimant is entitled to 50% permanent partial disability benefits. The record is clear that claimant is not entitled to permanent total disability benefits.
The portion of the Order appellant questions by Issue II is as follows:
WHEREFORE, IT IS THE ORDER of the undersigned that the employer, through its carrier:

3. Furnish to the claimant such medical care and attention as the nature of his injury and the process of his recovery might require. .
Appellee concedes that the issue of future medical services was not before the Deputy Commissioner but argues that the quoted portion of the Order merely requires appellant to do what the law requires. We disagree with appellee’s contention that the Order merely requires appellant to comply with Section 440.13(1), F.S. The statutory obligation to furnish future medical services is subject to statutory time limitations not contained in the Order. The above-quoted portion of the Order is hereby stricken.
The Order, as modified, is
AFFIRMED.
MILLS, C. J., and ERVIN, J., concur.