SHIVERS, Judge.
Appellant Alphonso Jones appeals a workers’ compensation order construing his application for hearing to approve a contract to employ an attorney as a claim and dismissing the claim without prejudice. We reverse.
Appellant was injured in an industrial accident August 21, 1979. Following the accident, appellant entered into a contract to retain an attorney. On September 20, 1979, appellant filed a standard form application for hearing, stating that the purpose for requesting a hearing was to obtain approval of a contract to employ an attorney pursuant to Section 440.34, Fla.Stat. (1979). The application indicated that the employer/carrier had been providing temporary total disability benefits and remedial attention to appellant since the date of the accident. Paragraph 3 of the application stated:
3. Compensation and/or remedial treatment claimed to be due at this time are as follows: “Continuing remedial treatment and compensation.”
A hearing was held on November 15, 1979, and the deputy commissioner approved appellant’s contract to employ an attorney.
During this time, the employer/carrier took the depositions of three physicians and appellant. Pursuant to his representation of appellant, appellant’s attorney attended all four depositions.
On December 17, 1979, the employer/carrier filed an application for hearing to determine compensability and appellant’s entitlement to temporary disability benefits, medical bills, and permanent disability benefits. At the hearing, appellant’s attorney contended that a claim had not been filed, and further argued that the purpose of the hearing was to determine his entitlement to a fee under Section 440.30, Fla.Stat. (1979), as a result of his attendance at the four depositions taken by the employer/carrier. The employer/carrier argued that the appellant’s application for hearing constituted a claim. The deputy commissioner ruled that appellant’s application for hearing was a claim and asked appellant’s attorney if he wished to withdraw the claim since he argued that no claim had been filed. Appellant’s attorney stated he would not withdraw a claim which had not been filed, and refused to proceed with the hearing on the claim. The employer/carrier then made an oral motion to dismiss, which was granted by the deputy commissioner without prejudice to appellant.
The deputy commissioner erred in ruling that appellant’s application for a hearing was a claim for workers’ compensation benefits. Section 440.19(2)(d), Fla.Stat. (1979), sets out the requirements for a claim as follows:
Such claim shall be filed with the Division at its office in Tallahassee and shall contain the name and address of the employee, the name and address of the employer, and a statement of the time, place, nature, and cause of the injury or such fairly equivalent information as will put the Division and the employer on notice with respect to the identity of the parties and the specific compensation benefit which is due but has not been paid or is not being provided. (Emphasis added.)
In appellant’s application for hearing which was construed as a claim, appellant clearly states that the employer/carrier have been providing compensation and remedial treatment. The application fails to claim any specific compensation benefit, as required under Section 440.19(2)(d), which is due but has not been paid or is not being provided. The sole purpose of appellant’s application for hearing was to obtain the deputy commissioner’s approval of a contract to employ an attorney pursuant to Section 440.34(1), Fla.Stat. (1979).
It should be noted that the Division of Workers’ Compensation has neither ac *377 knowledged the filing of a claim by appellant nor rendered an advisory opinion evaluating the claim as required by Section 440.19(1), Fla.Stat. (1979). Additionally, the record does not contain a claim for workers’ compensation benefits and there is no notice to controvert by the employer/carrier.
Therefore, the order is reversed and remanded to the deputy commissioner with instructions to award appellant attorney’s fees under Section 440.30, Fla.Stat. (1979), for his attorney’s attendance at the four depositions taken by the employer/carrier without the filing of a workers’ compensation claim. See Orange State Marine v. Snack, 382 So.2d 1367 (Fla. 1 DCA 1980).
Appellant has also filed a motion asking this Court to tax as costs on this appeal the $50 filing fee paid by him and award a reasonable attorney’s fee to his attorney for representation before this Court. While Chapter 440, Fla.Stat. (1979), contains no authorization for assessment of attorney’s fee for this appeal, such assessment is authorized by Section 59.46, Fla. Stat. (1979). Appellees are directed to reimburse appellant, his costs on this appeal in the amount of $50 and pay to appellant’s attorney the sum of $1,000 which we find to be a reasonable fee for his representation of appellant before this Court.
Reversed and Remanded.
McCORD and JOANOS, JJ., concur.