SHAW, Judge.
The employer/carrier appeal from a workers’ compensation order awarding the claimant 45% temporary partial disability compensation.
Section 440.19(2)(d), Florida Statutes (1979), mandates particularization of a claim by providing that it will put the Division and the employer on notice with respect to the identity of the parties and the specific compensation benefit which is due, but has not been paid or is not being provided. Any claim or portion thereof not in compliance with the subsection is subject to dismissal upon the motion of any interested party, the Division, or the Deputy Commissioner. It is clear from the statute that it was the intent of the Legislature to discourage the filing of “shot gun” claims. We are asked to scrutinize the following claim in light of this intent.
The appellee’s claim provided the required vital information relative to employer and employee identification, date of accident, date of notification, site of. injury, description of accident, place of accident and employer’s telephone number. In filling out that portion of the claim form calling for information relative to the specific benefit(s) due but not paid or not provided, the claimant supplied the following response:
Claimant has been unable to work due to injury and to date has received one week *631 only of workers’ compensation benefits. He is due benefits from date of accident forward ... at $194.14 per week. Attorney fees and costs.
Appellants assert that such a claim does not meet the demands of the statute. We disagree. The claimant has provided the basic information required to put the employer on notice as to the benefits which are due and are not being provided. The problem in this case is not with the claim itself, but with the application for and the notice of hearing. No request was made for temporary partial disability benefits in the pretrial stipulation. The application for hearing indicated that the relief sought was “to have temporary total disability benefits brought up to date.” The Deputy’s notice of hearing stated that the subject of the hearing was “to determine temporary total disability benefits.” The carrier was never put on notice that it would be called upon to defend a temporary partial disability claim in addition to the noticed claim for temporary total disability benefits. The 1979 revision of the Workers’ Compensation Law provides:
... An application for hearing concerning a claim shall state concisely in separate numbered paragraphs the reasons for requesting a hearing and the questions at issue or in dispute which the applicant expects the deputy commissioner to hear and determine, with sufficient particularity that the responding or opposing parties may be notified of the purpose of the hearing, including the issues to be heard and determined and the specific benefit which is due and not paid. ... Any application for hearing not in compliance with this paragraph shall be subject to dismissal upon motion of the division, the deputy commissioner, or any interested party.
In light of the above statute it was error for the Deputy Commissioner to hear and determine issues other than those particularized by the claimant’s application for hearing and the Deputy Commissioner’s notice of hearing. The employer’s first notice that the Deputy was being asked to determine the issue of temporary partial disability benefits was the claimant’s request for such benefits made at the final hearing. The employer promptly urged dismissal of the amended claim on the ground of improper notice. In the opinion of this court the motion was well-taken.
The order is reversed and the cause is remanded to the Deputy Commissioner for further proceedings consistent with this opinion.
The remaining issues are rendered moot in light of our reversal.
SHIVERS and THOMPSON, JJ., concur.