418 So.2d 442 (1982)
SEWELL PLASTICS, INC., Self Insured, Appellant,
v.
Hazel JACKSON, Appellee.
No. AG-340.
District Court of Appeal of Florida, First District.
August 25, 1982.
Bernard J. Zimmerman and Michael M. O'Brien, of Akerman, Senterfitt & Eidson, Orlando, for appellant.
John F. Wilhelm, Orlando, for appellee.
JOANOS, Judge.
In this appeal from a worker's compensation order appellant claims the deputy commissioner erred in determining that: the injury was compensable under the theory of exposure or repeated trauma; claimant gave her employer proper notice of the injury; there was a causal relationship between the industrial accident and the injury; attorneys fees were awardable; and employer should furnish claimant such medical care and attention as the nature of the injury and process of recovery may require.
The findings regarding compensability, causal relationship, notice, and attorneys fees are supported by competent substantial evidence, the correct legal standards having been applied, and we affirm as to them. As to the award of future medical care, however, the deputy erred because no claim for such benefits had been made either in the claim for benefits, the notice of hearing, or on the pre-trial stipulation sheet. At the start of the hearing, the deputy announced the issues which had been noticed for hearing; additional remedial care was not among them. See Austin Co. v. Lindenberger, 410 So.2d 601 (Fla. 1st DCA 1982); Goodyear Service Store v. Rockey, 382 So.2d 816, 817 (Fla. 1st DCA 1980). Although upon questioning by her attorney, and over objection of counsel for E/C, claimant testified that her hand still hurt and she would like to return to Dr. Bourguignon, there had been no claim for future remedial care such that the issue was properly noticed for resolution at that hearing. Therefore, the award of future remedial care is stricken from the order.
Claimant's motion for attorney's fees for appellate services is granted. Appellant shall pay to claimant's attorney a fee in the amount of $2,000.00, which we find to be a reasonable sum. Chapter 440, Florida Statutes (1979) contained no specific authorization for the award of appellate attorney's fees at the time that the injury occurred. However, this Court has previously determined that a fee is awardable pursuant to Section 59.46, Florida Statutes (1979) where an attorney's fee was awardable at the hearing level under Section 440.34(2)(a)-(c), Florida Statutes (1979). Jones *443 v. K & L Contractors, 392 So.2d 375, 377 (Fla. 1st DCA 1981); Lehigh Corp. v. Byrd, 397 So.2d 1202, 1204-5 (Fla. 1st DCA 1981). That is the situation here.
The order is affirmed as modified.
LARRY G. SMITH and THOMPSON, JJ., concur.