565 So.2d 404 (1990)
KAPLAN INDUSTRIES, INC., and Claims Center, Appellants,
v.
Anthony ROWLETT, Appellee.
No. 89-2845.
District Court of Appeal of Florida, First District.
August 13, 1990.
*405 David J. Williams of Lane, Trohn, Clarke, Bertrand & Williams, Lakeland, for appellants.
Richard R. Roach, Jr., Lakeland, for appellee.
WENTWORTH, Judge.
Employer/carrier appeal a workers' compensation order by which various benefits were awarded, including the payment of certain medical bills and the assessment of a penalty. This final order is patently defective on its face, as it fails to address certain claims which were presented for adjudication. We find that it was also error to order payment of medical bills which were not at issue in the proceeding below, and that the penalty award is not accompanied by adequate findings.
Claimant sustained compensable injuries to his face and arm, and obtained medical treatment from several physicians including Dr. Merritt. A claim was made for various workers' compensation benefits, and Dr. Merritt's outstanding bills were not expressly identified as a disputed issue. At a hearing on the claim Dr. Merritt was allowed to testify, but the judge indicated that this testimony was being received as to issues other than the payment of Dr. Merritt's medical bills. Employer/carrier objected to any consideration of this issue, and the judge acknowledged that employer/carrier's responsibility for such medical bills was not being litigated and would have to be addressed at another time. However, after the hearing was concluded the judge entered an order directing employer/carrier to pay these medical bills. The award of such payment does not comport with the general requirement that a claim identify the matters to be litigated, see Orin Cummings Construction Company v. Beckman, 395 So.2d 629 (Fla. 1st DCA 1981), or the prohibition against awarding benefits which are beyond the scope of the hearing. See e.g., Sewell Plastics Inc. v. Jackson, 418 So.2d 442 (Fla. 1st DCA 1982); Diplomat Hotel v. Grimes, 379 So.2d 1025 (Fla. 1st DCA 1980). It was error to award this unclaimed benefit, although the matter may be addressed on remand, or otherwise in the future, upon a proper claim.
Impairment benefits under section 440.152(a)(1), Florida Statutes, transportation and prescription expenses, and the payment of Dr. Tripathi's medical bills were expressly identified in the claim and pretrial stipulation as disputed issues. These matters were not addressed in the compensation order, and there is no indication that the judge intended an implicit denial of these claims. Since the issues were properly claimed and ripe for disposition the absence of an adjudication as to these issues is error. See generally, Washington Square v. Bourne, 408 So.2d 809 (Fla. 1st DCA 1982). It is thus necessary that the cause be remanded for a ruling as to these matters.
The challenged order also assesses a penalty, but contains no factual findings or conclusions to support the penalty award. It was improper to assess a penalty without indicating the basis of the award. See Jupiter Marine v. Spoelstra, 528 So.2d 1270 (Fla. 1st DCA 1988); Stardust Motel v. St. Claire, 418 So.2d 1151 (Fla. 1st DCA 1982). The judge should readdress the matter on remand.
The order appealed is reversed as to the payment of Dr. Merritt's medical bills, and the penalty award. On remand the judge should address the pending issues as indicated herein. The order is otherwise affirmed and the cause remanded.
SMITH and WIGGINTON, JJ., concur.