WOLF, Judge.
The employer/carrier (E/C) challenges the order of the judge of compensation claims (JCC) awarding benefits, as well as interest and penalties for past-due benefits. Appellant raises four issues on appeal, only two of which have merit and will be discussed here. Appellant asserts that (1) it was error to order an increase in average weekly wage when the claim for such an increase had been withdrawn from consideration as a result of an agreement between the parties, and (2) it was error to award penalties without accompanying findings of fact or conclusions of law in support of such award. We agree and, therefore, reverse the increase in average weekly wage and award of penalties, and remand for further consideration of the award of penalties.
Appellant suffered an industrial accident on February 16, 1989. During the benefits hearing, the parties specifically and unequivocally agreed to withdraw the request for determination of a higher average weekly wage. After the hearing, the JCC entered an order which included an increase in the average weekly wage, and obligated the E/C to pay penalties on past-due benefits without any accompanying findings of fact or conclusions of law. An award for a claim which has been withdrawn by stipulation of the parties neither comports with the general requirement that a claim must identify the matters to be litigated nor comports with the prohibition against awarding benefits which are beyond the scope of the hearing. See Kaplan Indus., Inc. v. Rowlett, 565 So.2d 404 (Fla. 1st DCA 1990). The JCC, therefore, erred in ruling on the issue of an increase in average weekly wage.
Appellant’s second claim is similarly correct, in that the JCC erred in awarding penalties against the E/C without stating the ultimate facts upon which such penalties are based. It is well established that an order must set forth the findings of fact or conclusions of law that support the imposition of penalties. See, e.g., Davis v. Broward County Health Dep’t, 570 So.2d 371 (Fla. 1st DCA 1990).
The determination of a higher average weekly wage is reversed, and the order is remanded with instructions to make factual determinations or conclusions of law concerning the imposition of a penalty. In all other respects, the JCC’s order is affirmed.
Affirmed in part, reversed in part, and remanded with instructions.
ZEHMER and KAHN, JJ., concur.