VAN NORTWICK, Judge.
Anthony D. Straw (claimant) appeals an order of the judge of compensation claims (JCC) which denied recovery for a part of claimant’s attorney’s fees on the grounds (i) that, since his claim for wage loss benefits failed to meet the specificity requirements of section 440.19(l)(e)l, Florida Statutes (1991), the mandatory bar on the award of attorney’s fees for non-specific claims under section 440.19(l)(e)5 applied; and (ii) that the settlement of the claim for claimant’s right knee injury was on a “controverted basis” and, therefore, claimant was responsible for his own attorney’s fees with respect to that portion of the claim. We reverse.
In her order, the JCC has misconstrued and misapplied the statutory provisions of section 440.19(l)(e) and we conclude that a proper construction of these statutory provisions requires payment of an attorney’s fee in this case. Even though the initial claim below may have failed to comply with the specificity requirements of section 440.19(l)(e)l, where the employer/servicing agent failed to move to dismiss the claim, but, instead, responded to the claim on the merits more than 21 days after receiving notice of the claim and litigated it to resolution, a fee is due under section 440.34(3)(b). In addition, the JCC erroneously ruled that the settlement of the claim for claimant’s right knee injury was reached on a “controverted basis” and that, therefore, claimant was responsible for his own attorney’s fee.[1]
*710 The employer/servicing agent paid claimant medical benefits for an employment-related injury to his left knee on December 13, 1989. On July 13, 1990, claimant injured his lower back at work when he lifted a tire. The employer/servicing agent paid wage loss benefits beginning on January 28, 1991, based upon a 5 percent rating received by claimant’s treating physician entitling claimant to 52 weeks of wage loss benefits. Prior to the January 28, 1992 date of cessation of these wage loss benefits, on December 6, 1991, the claimant filed a claim, among other things, for additional wage loss benefits, for authorization for medical treatment of both of claimant’s legs[2] for the injury of December 13,1989, and for an increase in wage loss benefits to reflect an increase in average weekly wage that would include the value of fringe benefits and wages based on a contract of hire or on wages of a similar employee.
There is no question that the claim for wage loss benefits did not comply with either the “ripeness” provision of section 440.19(l)(e)2 or the requirement of section 440.19(l)(e)l.h that the claim explain the basis for the request for additional benefits. Nevertheless, the employer/servicing agent did not move to dismiss the claim for failure to comply with section 440.19(l)(e). The parties litigated the claim, which was eventually resolved by a settlement agreement executed on February 4, 1993 and approved by the JCC on February 12, 1993.
In the joint petition for order approving a lump sum settlement under section 440.20(12)(a) and (e), settling the claims arising from both the December 13, 1989 and July 13, 1990 accidents, the employer/servicing agent agreed to pay an increase in wage loss benefits based upon the value of fringe benefits which should have been included in the computation of wage loss benefits; the parties agreed that the claimant would be solely responsible for any alleged right leg injury; the claimant released the employer/servicing agent from any claims, past or future, resulting from this alleged injury; and the claimant agreed that any resulting medical care was solely his responsibility. In full satisfaction for this release and settlement of the claims for wage loss and average weekly wage, the employer/servicing agent paid claimant $14,000. As part of the stipulation, the parties agreed to reserve jurisdiction of the issue of claimant’s attorney’s fees in the JCC.
Thereafter, claimant’s attorney filed a verified petition for attorney’s fees indicating that he had provided a total of 108.5 hours of attorney services and that there had been a total of 11.9 hours of paralegal services provided to attain the benefits for claimant. He sought a reasonable fee in the range of $22,-295 to $28,017.50 based upon an hourly rate of $250 an hour, the alleged customary fee in the coipmunity, and the contingency of the case.
The employer/servicing agent responded and agreed that an attorney’s fee was due for securing an increase in claimant’s wage loss benefits, but disputed the amount. For the first time, the employer/servicing agent raised the non-specificity of the December 6, 1991 claim for wage loss benefits, contending that this defect precluded an award of attorney’s fees under section 440.19(l)(e)5. In addition, the employer/servicing agent argued that claimant was responsible for the payment of attorney’s fees for the settlement of the 1989 accident, because the case had been settled on a controverted basis.
After hearing the evidence and argument, the JCC requested claimant to advise her by letter of the allocation of the professional time among the different issues. Claimant advised that approximately 27.1 attorney hours and 1.4 paralegal hours had been provided to secure the increase in wage loss benefits and 61.3 hours were provided on matters relating to all claims, for which it was not possible to allocate among the average weekly wage, wage loss and leg issues.
Thereafter, the JCC entered an order on attorney’s fees. Regarding recovery of attorney’s fees for settling the alleged right knee injury due to the December 13, 1989 *711 accident, the JCC accepted the argument of the employer/servicing agent that this issue had been settled on a “controverted” basis, rejected claimant’s argument that under the settlement benefits had been secured on this “medical only” claim, and, therefore, determined that no attorney’s fees were payable by the employer/servicing agent relating to such portion of the claim. Regarding the claim for additional wage loss benefits, the JCC determined that no fee was due for securing any additional benefits because the December 6, 1991 claim for wage loss benefits was non-specific and premature. The JCC rejected claimant’s argument that the employer/servicing agent had waived its right to raise the lack of specificity defense at the fee hearing because of the failure of the employer/servicing agent to move for dismissal of the claim.
This case involves the construction of section 440.19, as it existed at the time of the December 1991 claim. Section 440.19, Florida Statutes (1991) provides in pertinent part:
(l)(a) The right to compensation for disability, rehabilitation, impairment, or wage loss under this chapter shall be barred unless a claim therefor which meets the requirements of paragraph (e) is filed within 2 years after the time of injury ...
⅜ ⅜ ⅝ ⅜ ⅜ ⅜
(e)l. Such claim shall be filed with the division at its Tallahassee office and shall contain the names and addresses of the employer and employee, the social security number of the employee, and a statement of the time, date, place, nature, and cause of the injury, or such equivalent information as will put the division, the employer, and the carrier or servicing agent on notice with respect to the identity of the parties, and shall contain the specific details of the benefits alleged to be due and the basis for those benefits, including:
a. The time period for which compensation was not timely provided.
b. The number of weeks of disability claimed.
c. The type and source of rehabilitation sought.
d. The details of travel costs not paid, including:
(I) Specific dates and purposes of the travel.
(II) Means of transportation.
(III) Mileage.
e. The details of medical charges not paid, including the name and address of the medical provider and the amounts due and the specific dates of treatment or service.
f. (I) The type or nature of medical treatment sought.
(II) The basis and necessity for any medical treatment sought that is in addition to that which is being provided at the time of filing the claim.
(III) The basis and necessity for a request for a change of physician.
(IV) A detailed description of the need for and medical necessity of attendant care.
g. The details of any defect in the calculation of the average weekly wage and the details and basis therefor.
h. A detailed description of the percentage of permanent impairment and corresponding entitlement to increased wage-loss benefits in excess of that which is or has been voluntarily paid by the employer or carrier together with the medical care provider who has diagnosed any increased impairment.
i. Any other benefit, penalty, attorney’s fee, or allowance provided by law deemed due at the time of filing of the claim but not being furnished.
[[Image here]]
2. A claim may contain a claim for both past benefits and continuing benefits in any benefit category, but is limited to those in default and ripe, due, and owing on the date the claim is filed.
3. The legislative intent of this paragraph is to avoid needless litigation or delay in benefits by requiring claimants to provide the employer, carrier, self-insurance fund, or servicing agent with sufficient detailed information to facilitate a timely and in *712 formed decision with respect to a claim for benefits.
4. Any claim, or portion thereof, not in compliance with this subsection shall be dismissed by the judge of compensation claims upon motion of any interested party Any such motion to dismiss shall state with particularity why the claim is not in compliance. When any claim is dismissed pursuant to this subsection, the claimant shall be allowed 60 days from the date of the order of dismissal in which to file an amended claim ...
5. Notwithstanding the provisions of s. 440.34, a judge of compensation claims shall not award an attorney’s fee or penalties based on a claim for benefits that does not satisfy the requirements of this subsection.
⅝ * ⅜ * ⅜ *
7. Within 21 days of receipt of the acknowledged claim from the division, the employer or carrier must either pay the requested benefits or file a Notice to Controvert with the division, with copies to the filing party, employer, and claimant....
Section 440.34(3)(b) provides for an award of attorney’s fees in pertinent part as follows:
A claimant shall be responsible for the payment of his own attorney’s fee, except that a claimant shall be entitled to recover a reasonable attorney’s fee from a carrier or employer:
(b) In any case in which the employer or carrier fails or refuses to pay a claim filed with the division which meets the requirements of s. 440.19(l)(e) on or before the 21st day after receiving notice of the claim, and the injured person has employed an attorney in the successful prosecution of his claim; ...
Subparagraph 4 of section 440.19(l)(e) clearly contemplates that a non-specific claim filed by an attorney representing a claimant will be met by a motion to dismiss from the employer/servicing agent. The employer/servicing agent here argue that a motion to dismiss is not required by subparagraph 4, and that, therefore, the employer/servicing agent’s failure to move for dismissal has no consequences. The employer/servicing agent further argue that subsection 1 of this statute places the burden on claimant to file a specific claim complying with this statute, and that if a non-specific claim is filed, even though the employer/servicing agent respond to the claim beyond the 21 day period of section 440.34(3)(b) and litigate it to resolution, that a JCC is prohibited from awarding an attorney’s fee under subparagraph 5 of section 440.19(l)(e). At oral argument, the employer/servicing agent acknowledged that such an interpretation, in effect, renders sub-paragraph 5 a penalty provision for noncompliance with section 440.19(l)(e).
This statutory interpretation argued by the employer/servicing agent, and adopted in the order of the JCC, is in error because it fails to give effect to the legislative intent relating to this statute. Subparagraph 3 of section 440.19(l)(e) clearly sets forth the legislative intent as seeking “to avoid needless litigation or delay in benefits by requiring claimants to provide the ... servicing agent with sufficient detailed information to facilitate a timely and informed decision with respect to a claim for benefits.” If a claimant files a specific claim that meets the requirements of section 440.19(1), then clearly this legislative intent is met. However, if a nonspecific claim is filed, to achieve the legislative goal of providing the servicing agent with sufficient, timely information to respond to the claim, the employer/servicing agent has the burden of filing a motion to dismiss to challenge the sufficiency of the claim under subparagraph 4 of section 440.19(l)(e). If the motion is granted by the JCC, the claimant will be required to file an amended claim complying with the requirements of the statute, thereby putting the employer/servicing agent on notice of the benefits being sought and “facilitating] a timely and informed decision with respect to the claim for benefits.” § 440.19(l)(e)3, Fla.Stat. (1991). If the employer/servicing agent do not move to dismiss and the claim proceeds on the merits, it must be assumed that the claim sufficiently puts the employer/servicing agent on “notice” of the benefits sought by the claimant to make an informed decision with respect to the claim.
Subparagraph 5 of section 440.19(l)(e) comes into play in the event a *713 motion to dismiss is granted by the JCC under subparagraph 4. In the event a claim filed by a claimant’s attorney is dismissed for insufficiency under subparagraph 4 of section 440.19(l)(e), and the attorney files an amended claim meeting the requirements of the statute, an attorney’s fee may be paid under section 440.34, except that section 440.19(l)(e)5 would preclude the award of any fee to the claimant’s attorney for time spent defending the motion to dismiss and, to the extent that the time required to prepare both the initial and amended claims exceeded the time that would have been reasonably required to initially prepare a claim that complied with the specificity requirements of subparagraph 1 of section 440.19(l)(e), for such additional time spent preparing the claims. This construction of section 440.19(l)(e) gives full effect to the legislative intent and is the construction which most ensures a speedy resolution of claims and benefits and avoids needless and expensive litigation.[3]
Turning to that portion of the JCC’s order which finds that a fee was not awardable for obtaining a resolution of the claim -for injury to claimant’s right leg, the employer/servicing agent argued below and in the brief filed before this court that both indemnity and medical benefits relating to the alleged right leg injury were compromised in the settlement agreement which constituted a “lump sum” settlement under section 440.20(12)(b), Florida Statutes (1989). Thus, the employer/servicing agent argued, the claimant was responsible for his own attorney’s fees because section 440.20(12)(b) provides that in a lump sum settlement, “[n]otwithstanding the provisions of s. 440.34(3)(c), a claimant shall be responsible for the payment of his own attorney’s fees in any case settled under this subsection.” However, at oral argument before this court counsel for the employer/servicing'agent conceded that the settlement below was not a lump sum settlement under section 440.20(12)(b). Accordingly, the denial of an attorney’s fee by the JCC for any hours expended on securing a settlement of the right leg injury must be reversed.[4]
REVERSED and REMANDED for further proceedings consistent with this opinion.
ZEHMER, C.J., and KAHN, J., concur.

. We conclude that the cross-appeal by the employer/servicing agent of the award of costs is without merit and that portion of the order is affirmed without further discussion.

. In the December 6, 1991 claim, claimant alleged a right leg injmy in the December 13, 1989 accident for the first time. Claimant sought an MRI examination to determine whether he had torn the meniscus in the right knee in December 13, 1989 accident.

. Our construction is also consistent with the legislative intent inherent in the revisions made to Chapter 440 by the 1993 Florida Legislature. In section 25 of Chapter 93-415, Laws of Florida, the prohibition on the payment of attorney's fees was rewritten to provide as follows:
Notwithstanding the provisions of s. 440.34, a judge of compensation claims may not award attorney’s fees payable by the carrier for services expended or costs incurred prior to the filing of a petition that meets the requirement of this section.
When this provision is read together with the expanded motion to dismiss practice also created in section 25 to Chapter 93-415, it is clear that the Legislature intends that the fee prohibition provision relate solely to services rendered prior to the successful filing of a petition (formerly a "claim") that satisfies the specificity requirements of the statute.

. At oral argument, counsel for the employer/servicing agent raised for the first time the argument that attorney’s fees for this claim should be denied on the alternative ground that, in the settlement agreement, the claimant "released” the employer/servicing agent from any and all claims past or future resulting from the right knee injury, which language of the settlement would arguably include any claim for attorney’s fees. We decline to address this argument, however, since it was not ruled upon by the JCC. We note parenthetically that, ordinarily, construction of a settlement agreement is a matter which must be taken up in the circuit court rather than before the JCC, although there are limited instances in which the JCC, as finder of fact, can make an initial determination concerning the intended extent of the settlement. Grand Bay Hotel v. Guerra, 605 So.2d 134 (Fla. 1st DCA 1992).