BENTON, Judge.
We have for review an order entered by a judge of compensation claims intended to dispose finally of claims Muriel Poutre has made for workers’ compensation benefits. The order under review also refused to allow the filing of petitions for benefits that the order treats as unauthorized and untimely amendments to an earlier (the third amended, dated August 16, 1995) petition for benefits. On grounds it lacked the requisite specificity, the third amended petition had been dismissed on September 22, 1995, without prejudice to refiling within twenty days.
Instead of filing a fourth amended petition within the twenty days allowed by the order entered on September 22, 1995, Ms. Poutre filed a request for assistance as to a claim not previously asserted in a petition for benefits; then filed what she styled as an original petition for benefits on April 25, 1996, in which she stated both the new claim and the claims she had advanced previously in the third amended petition. She did not obtain leave to file either the petition for benefits she filed on April 25,1996, or the subsequent petition for benefits restating all claims, which she filed on July 23,1996.
The judge of compensation claims found no indication that the third amended petition dismissed without prejudice on September 22, 1995, was subsequently withdrawn, nor do we. The claimant was therefore obliged to file any petition restating the claims in the third amended petition for benefits within twenty days, or to obtain leave of the judge of compensation claims to file thereafter. Her decision to file a request for assistance as to a related claim, albeit in order ultimately to litigate it along with the dismissed claims, does not excuse noncompliance with the order the judge of compensation claims entered on September 22, 1995. Fla. R. Work Comp. P. 4.028(b). “A petition cannot be amended except by stipulation of the parties and approval by the judge.” Id. We therefore affirm the order under review, insofar as it refused to address, at that point in the present proceeding, the sufficiency of any petitions for benefits filed after the time allowed by the September 22, 1995 order.
*147 In the posture in which the case has reached us, we consider the sufficiency only of the third amended petition dismissed without prejudice on September 22, 1995. The claimant might have requested entry of a final order of dismissal with prejudice in order to take an appeal at that time. See American Credit Card Tel. Co. v. National Pay Tel. Corp., 504 So.2d 486, 487 (Fla. 1st DCA 1987). The claimant’s decision not to do so does not, however, “preclude initial review of a non-final order on appeal from the final order in the cause.” Fla. R.App. P. 9.130(g). The order dismissing the third amended petition without prejudice was a non-final order. See Augustin v. Blount, Inc., 573 So.2d 104, 105 (Fla. 1st DCA 1991).
The third amended petition stated alternative theories of compensability and described the injuries Ms. Poutre allegedly sustained at work in considerable detail, even attaching an examining physician’s report. The third amended petition complied fully with the requirements of section 440.192(2), Florida Statutes (1995). We therefore conclude that dismissal of the third amended petition for supposed lack of specificity was error. Accordingly, we reverse and remand with directions to reinstate the third amended petition.
Reversed and remanded.
BARFIELD, C.J., and ERVIN, J., concur.