VAN NORTWICK, Judge. ■
In this workers’ compensation appeal, Nancy Lynn Kennedy (the claimant) appeals an order of the Judge of Compensation Claims (JCC) determining that claimant’s attorney was not entitled to an attorney’s fee payable by the appellees, Orlando Shader Realty and Associated Industries Insurance Company, Inc. (jointly, the employer/earrier). The claimant argues that the JCC erred (i) in dismissing her petition for benefits pursuant to section 440.192(2), Florida Statutes (Supp. 1994);[1] and (ii) in denying her petition for attorney’s fees when the employer/earrier had first denied and then accepted claimant as permanently and totally disabled all within the 14-day period provided by section 440.192(8), Florida Statutes (Supp.1994). For the reasons that follow, we affirm.
We conclude that the JCC did not err in dismissing the claimant’s petition for benefits because the petition clearly failed to comply with the filing requirements of section 440.192(2), Florida Statutes (Supp.1994). Both this statute and rule 4.029(c), Florida Rules of Workers’ Compensation Procedure, require the JCC, sitting as docketing judge, to promptly review the petition for benefits to determine whether the requirements of sections 440.192 have been satisfied and, when the petition fails to meet such requirements, to summarily dismiss the petition without prejudice and with leave to amend. See rules 4.029(b) and (c), Fla. R. Work. Comp. P. The employer/earrier is not required to file a motion to dismiss to trigger the JCC’s review of the petition, but may file a motion to dismiss pursuant to section 440.192(5).
The claimant contends that the JCC erred in dismissing her petition because the allegations of the petition were in substantial compliance with the statute by providing sufficient information to enable the employer/carrier to understand the benefits sought, citing Orin Cummings Constr. Co. v. Beckman, 395 So.2d 629 (Fla. 1st DCA 1981) and Turner v. Keller Kitchen Cabinets Southern, Inc., 247 So.2d 35 (Fla.1971). This argument is without merit. Sections 440.192(2) and (4) set forth basic information which the petition must identify or contain oh its face. Under this statute, the JCC is not obligated to determine whether the information provided is sufficient to place the employer/earrier on notice of the benefits sought by the claimant. The intent of the legislature is clear — in the event the requirements are not met, dismiss *158 al without prejudice is mandated. The cases on which claimant relies interpreted statutory provisions unlike section 440.192 before us and are not applicable to the workers’ compensation statutory design enacted in 1994.
The claimant’s argument that Straw v. Steve Moore Chevrolet, 651 So.2d 708 (Fla. 1st DCA 1995), supports an award of attorney’s fees is also without merit. Straw is not controlling or persuasive here because a substantively different statute controlled Straw and the facts in Straw differ materially from the facts of the instant case. In Straw, the parties fully litigated the merits of the claim; and it was only after a petition for attorney’s fees was filed that the employer/earrier argued that the claim failed to comply with the specificity requirements of section 440.19(l)(e)l, Florida Statutes (1991). Further, the statute controlling Straw contained no prompt review requirement as is now mandated by section 440.192(2) and rule 4.029(b) and (c). In the instant ease, the merits of the petition for benefits were not litigated and the employer/earrier accepted the claimant as permanently and totally disabled within the 14-day time period provided by section 440.192(8), Florida Statutes (Supp. 1994). In addition, even though the employer/earrier initially denied the petition, no fee is payable here because section 440.192(7), Florida Statutes (Supp.1994), prohibits an award of attorney’s fees payable by the employer/earrier for services expended or costs incurred prior to the filing of a petition that does not meet the requirements of section 440.192.
AFFIRMED.
ERVIN and BOOTH, JJ., concur.

. In this appeal of a final order determining attorney’s fees, see Employer's Overload of Dade County v. Robinson, 642 So.2d 72 (Fla. 1st DCA 1994), we have jurisdiction to review the nonfi-nal order dismissing the petition for benefits. See Poutre v. Bee Gee Shrimp, 704 So.2d 145, 147 (Fla. 1st DCA 1997).