Mr. James C. Brady Lauderdale Lakes City Attorney 501 Northeast 8 Street Fort Lauderdale, Florida 33304
Dear Mr. Brady:
On behalf of the City of Lauderdale Lakes and the Lauderdale Lakes Community Redevelopment Agency, you have asked for my opinion on substantially the following question:
Is the City of Lauderdale Lakes authorized to lend or appropriate money to the Lauderdale Lakes Community Redevelopment Agency for the purpose of making a loan to a private business located in the redevelopment area to assist that business with start-up costs in an area suffering the effects of slum and blight as described in Part III, Chapter 163, Florida Statutes?
In sum:
The City of Lauderdale Lakes may lend properly appropriated municipal funds to the Lauderdale Lakes Community Redevelopment Agency pursuant to Part III, Chapter 163, Florida Statutes, for a project declared by the city to represent a municipal public purpose.
Section 10, Article VII, Florida Constitution, prohibits the state or a county, municipality, special district, or any agency thereof from lending or using its taxing power or credit to aid any private corporation, association, partnership or person. The purpose of this provision is "to protect public funds and resources from being exploited in assisting or promoting private ventures when the public would be at most only incidentally benefited."[1] Thus, the applicability of the prohibitions contained in the constitution are dependent in part on whether a valid public purpose is involved. The determination of what constitutes a valid public purpose for the expenditure of public funds is, at least initially, a determination for the Legislature.[2] A legislative declaration of public purpose is presumed to be valid and should be deemed correct unless so clearly erroneous as to be beyond the power of the Legislature.[3]
Part III, Chapter 163, Florida Statutes, the "Community Redevelopment Act of 1969," represents the state's response to the threat to the public health, safety, morals, and welfare from the development or spread of slums and urban blight.[4] The act encourages community redevelopment and provides for the redevelopment of slums and blighted areas.[5] Part III of Chapter 163, Florida Statutes, provides for the creation of community redevelopment agencies;[6] the powers to be exercised by local governmental agencies under the act;[7] the issuance of revenue bonds by governmental entities to finance community redevelopment;[8] and certain activities and areas of cooperation by public bodies for aiding in the planning, undertaking, or carrying out of community redevelopment and related activities.[9]
With respect to community redevelopment pursuant to Part III, Chapter 163, Florida Statutes, the Legislature has determined such activity to be a proper subject for the expenditure of public funds.[10] If the purpose to be achieved constitutes a valid public purpose, then the means to be applied to obtain such a purpose are largely within the discretion of the Legislature.[11]
Pursuant to section 163.400(1), Florida Statutes, a municipality[12] may
"(e) [e]nter into agreements, which may extend over any period, notwithstanding any provision or rule of law to the contrary, with the Federal Government, a county, a municipality, or another public body respecting action to be taken pursuant to any of the powers granted by this part, including the furnishing of funds or other assistance in connection with community redevelopment and related activities[;]"
for the purpose of aiding in the planning, undertaking, or carrying out of community redevelopment and related activities authorized by Part III, Chapter 163, Florida Statutes. Thus, the statute specifically authorizes a municipality to enter into an agreement with a community redevelopment agency for the loan of money to the agency to further the purposes of the act.
Further, section 163.400(3), Florida Statutes, authorizes a municipality to furnish such assistance "with or without consideration":
"[f]or the purpose of aiding in the planning, undertaking, or carrying out of any community redevelopment and related activities of a community redevelopment agency . . . hereunder, any county or municipality may, in addition to its other powers and upon such terms, with or without consideration, as it determines, do and perform any or all of the actions or things which, by the provisions of subsection (1), a public body is authorized to do or perform, including the furnishing of financial and other assistance."
The Legislature has determined that a community redevelopment project undertaken pursuant to Part III, Chapter 163, Florida Statutes, as amended, is a proper subject for the expenditure of public funds and serves a public purpose[13] and has authorized the loan of municipal funds for carrying out community redevelopment.[14] In light of this legislative determination and assuming that the City of Lauderdale Lakes makes a similar determination, it would appear that the municipality may loan properly appropriated municipal funds to a redevelopment agency to aid in community redevelopment.[15]
Therefore, it is my opinion that the City of Lauderdale Lakes may lend properly appropriated municipal funds to the Lauderdale Lakes Community Redevelopment Agency pursuant to Part III, Chapter 163, Florida Statutes, for a project declared by the city to represent a municipal public purpose.
You have also asked whether the City of Lauderdale Lakes may lend money directly to a private business located in the city to assist that business with start-up costs in an area designated as suffering the effects of slum and blight pursuant to Part III, Chapter 163, Florida Statutes.
I am aware of nothing in Part III, Chapter 163, Florida Statutes, that authorizes a municipality to loan money directly to an individual or private business for the purpose of community redevelopment. Rather, the statutory scheme provides a method by which such purpose may be accomplished through the vehicle of the community redevelopment agency. In light of the expressed legislative intent that these purposes be accomplished through the community redevelopment agency, this would be the appropriate method of making funds available for community redevelopment projects.
Sincerely,
Robert A. Butterworth Attorney General
RAB/tgh
[1] Bannon v. Port of Palm Beach District, 246 So.2d 737, 741
(Fla. 1971). Cf., Poe v. Hillsborough County, 695 So.2d 672, 675
(Fla. 1997) (bond issue does not violate Article VII, section 10, Florida Constitution, so long as the project serves a "paramount public purpose," and any benefits to private parties from the project are incidental.)
[2] State v. Housing Finance Authority of Polk County,376 So.2d 1158, 1160 (Fla. 1979). And see, Jackson Lumber Co. v. WaltonCounty, 116 So. 771 (Fla. 1928).
[3] See, State v. Housing Authority of Polk County, supra. Andsee, Wald v. Sarasota County Health Facilities Authority,360 So.2d 763 (Fla. 1978).
[4] See, s. 163.335(1), Fla. Stat.
[5] See, s. 163.340(9), Fla. Stat., defining "[c]ommunity redevelopment" as "undertakings, activities, or projects of a county, municipality, or community redevelopment agency in a community redevelopment area for the elimination and prevention of the development or spread of slums and blight, or for the reduction or prevention of crime, or for the provision of affordable housing, whether for rent or for sale, to residents of low or moderate income, including the elderly, and may include slum clearance and redevelopment in a community redevelopment area or rehabilitation and revitalization of coastal resort and tourist areas that are deteriorating and economically distressed, or rehabilitation or conservation in a community redevelopment area, or any combination or part thereof, in accordance with a community redevelopment plan and may include the preparation of such a plan." See also, ss. 163.340(10) and (11), Fla. Stat., respectively defining "[c]ommunity redevelopment area" and "[c]ommunity redevelopment plan."
[6] Section 163.356, Fla. Stat.
[7] Section 163.370, Fla. Stat.
[8] Section 163.385, Fla. Stat.
[9] Section 163.400, Fla. Stat.
[10] See, s. 163.335(3), Fla. Stat.,("the powers conferred by this part are for public uses and purposes for which public money may be expended . . . and the necessity in the public interest for the provisions herein enacted is hereby declared as a matter of legislative determination"); s. 163.335(6), Fla. Stat., ("the elimination or improvement of [housing shortages for low or moderate income residents and the elderly] is a proper matter of state policy and state concern and is for a valid and desirable public purpose"). See also, State v. Leon County, Florida,410 So.2d 1346 (Fla. 1982); State v. Miami Beach Redevelopment Agency,392 So.2d 875 (Fla. 1980).
[11] See generally, 81A C.J.S. States s. 205(b), p. 729. Cf.,Florida Power Corporation v. Pinellas Utility Board, 40 So.2d 350
(Fla. 1949).
[12] See, s. 163.340(2), Fla. Stat., defining the term "[p]ublic body" to include a municipality.
[13] Section 163.335(3), supra.
[14] Section 163.400(1), supra.
[15] And see, Op. Att'y Gen. Fla. 85-96 (1985) (county may lend properly appropriated county funds to city and redevelopment agency pursuant to Part III, Ch. 163, Fla. Stat., for project declared to be county public purpose).