IN THE DISTRICT COURT OF APPEAL
FIRST DISTRICT, STATE OF FLORIDA

PANZER LAW, P. A.,

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

     Appellant,

v.

CASE NO. 1D14-0908

PALM BEACH COUNTY
SCHOOL DISTRICT and FARA,
A YORK RISK SERVICES
COMPANY,

     Appellees.

_____/

Opinion filed October 13, 2014.

An appeal from an order of the Judge of Compensation Claims.
Mary A. D'Ambrosio, Judge.

Dates of Accident: August 16, 2006 and November 25, 2008.

Bill McCabe, Longwood, and Gilbert R. Panzer, Jr., Boca Raton, for Appellant.

Hinda Klein and Elizabeth Ann Izquierdo of Conroy, Simberg, Ganon, Krevans, Abel, Lurvey, Morrow & Schefer, P.A., Hollywood, for Appellees.

PER CURIAM.

     In this workers' compensation matter, we have for review an order of the Judge of Compensation Claims (JCC) denying Appellant, Claimant's former attorney (Panzer), entitlement to an attorney's fee based on the failure of the relevant

petition for benefits (PFB) to meet the requirements of section 440.192, Florida Statutes (2006). Because the JCC erred by failing to give full effect to all of the provisions of section 440.192, we reverse and remand for further proceedings.

Because the facts are not in dispute, our review is de novo. See Airey v. Wal-Mart, 24 So. 3d 1264, 1265 (Fla. 1st DCA 2009) (noting that when "[t]he pertinent facts are undisputed . . . the issue is one purely of law, subject to de novo review"). In addition, because resolution of this appeal requires statutory interpretation, our review is de novo. See Lombardi v. S. Wine & Spirits, 890 So. 2d 1128, 1129 (Fla. 1st DCA 2004).

Panzer filed a PFB on behalf of his client seeking, in relevant part, authorization of a second opinion with a shoulder surgeon. At the time the PFB was filed, Claimant was under the care of Dr. Kolettis, an orthopedic surgeon authorized by the Employer/Carrier (E/C) to treat Claimant's right shoulder injury. It is not disputed that Claimant did not attach to this PFB a written recommendation from Dr. Kolettis for such a referral. Nor is it disputed that the E/C did not file a motion to dismiss the PFB based on a lack of specificity, or answer the petition within 30 days. See, e.g., Russell Corp. v. Brooks, 698 So. 2d 1334, 1335 (Fla. 1st DCA 1997) ("In practical effect, . . . failure to respond to the petition for benefits . . . operated not as an admission of compensability but as a denial of every allegation [and demand for benefits] in the petition for benefits.").

Under the version extant both in 2006 and in 2008, section 440.34 provided "that a claimant shall be entitled to recover a reasonable attorney's fee from a carrier or employer: . . . [i]n any case in which the employer or carrier files a response to petition denying benefits with the Office of the Judges of Compensation Claims and the injured person has employed an attorney in the successful prosecution of the petition," § 440.34(3)(b), Fla. Stat., while section 440.192, Florida Statutes (2006 and 2008), provided in part:

> (1) Any employee may, for any benefit that is ripe, due, and owing, file . . . a [PFB] which meets the requirements of this section and the definition of specificity in s. 440.02. . . .
>
> (2) Upon receipt, the Office of the Judges of Compensation Claims shall review each petition and shall dismiss each petition or any portion of such a petition that does not on its face specifically identify or itemize the following:
> . . . .
>
> (i) The type or nature or treatment care or attendance sought and the justification for such treatment. If the employee is under the care of a physician for any injury identified under paragraph (c), a copy of the physician's request, authorization, or recommendation for treatment, care, or attendance must accompany the petition.
> . . . .
>
> The dismissal of any petition or portion of such a petition under this section is without prejudice and does not require a hearing.
>
> (3) A [PFB] may contain a claim for past benefits and continuing benefits in any benefit category, but is limited

3

to those in default and ripe, due, and owing on the date the petition is filed. . . .

. . . .

(5) All motions to dismiss must state with particularity the basis for the motion. . . . Any grounds for dismissal for lack of specificity under this section which are not asserted within 30 days after receipt of the [PFB] are thereby waived.

. . . .

(7) Notwithstanding the provisions of s. 440.34, a [JCC] may not award attorney's fees payable by the carrier for services expended or costs incurred prior to the filing of a petition that does not meet the requirements of this section.

§ 440.192, Fla. Stat. Rather than litigate in the main proceeding any issue concerning the claimant's entitlement to a second opinion, the employer and carrier eventually authorized the benefit, albeit approximately a year after the request was made. At least for fee purposes, this capitulation established, if not that the benefit requested was ripe, due and owing at the time that the petition for benefits was filed, then at a minimum that "the injured employee ha[d] employed an attorney in the successful prosecution of the petition." § 440.34(3)(b), Fla. Stat. (2006 and 2008).

Whenever a "physician's request, authorization, or recommendation for treatment, care, or attendance must accompany the petition," § 440.192(2)(i), Fla. Stat., the requirement that the claimed benefits be "ripe, due, and owing" is inextricably intertwined with the subsection 440.192(2) specificity requirement. For that reason, we have held that the E/C's failure to file a motion to dismiss the PFB

4

for lack of specificity when the physician's recommendation is not attached resulted in a waiver of any entitlement to challenge the ripeness of the claimed benefit in the fee hearing. See Straw v. Steve Moore Chevrolet,* 651 So. 2d 708, 709 (Fla. 1st DCA 1995) (reversing denial of E/C-paid attorney's fee where E/C failed to move to dismiss claim, which likely failed to comply with specificity requirements, but instead responded to it and litigated it to resolution). The Straw panel agreed with Mr. Straw's argument that Steve Moore Chevrolet "waived its right to raise the lack of specificity defense at the fee hearing because of the failure of the [E/C] to move for dismissal of the claim." Id. at 711. The Court further noted that "[i]f the [E/C] do not move to dismiss and the claim proceeds on the merits, it must be assumed that the claim sufficiently puts the [E/C] on 'notice' of the benefits sought by the claimant to make an informed decision with respect to the claim." Id. at 712.

In the present case, too, an attachment would both have established ripeness and satisfied the specificity requirement, and the E/C's failure to object to the absence should be deemed a waiver of both legal defenses. Our conclusion in this regard is buttressed by the Legislature's adding to section 440.192 the language now

---

* We note that the relevant statute in Straw was the 1991 version of the Workers' Compensation Law and the statutory citations were to section 440.19, not 440.192. A comparison of the two subsections reveals, however, that the relevant provisions are essentially identical. Section 440.192 first appeared in chapter 440 in 1993, moving the provisions relating to the "Procedure for Resolving Benefit Disputes" from section 440.19 to section 440.192. See Ch. 93-415, § 25, at 137, Laws of Fla.

found in subsection (5), when section 440.192 was first enacted in 1993—"Any grounds for dismissal for lack of specificity under this section which are not asserted within 30 days after receipt of the [PFB] are thereby waived." § 440.192(5), Fla. Stat.

Plainly "ripeness" and "specificity" will not be the same in every case. Here, however, where section 440.192(2)(i) required that a copy of the request or recommendation be attached to the PFB in order to meet the specificity requirement, that same attachment would have established the ripeness of the PFB. Thus, because the E/C failed to move to dismiss the PFB in a timely manner, the JCC erred in failing to give effect to the waiver provision of section 440.192(5).

Accordingly, we REVERSE and REMAND this matter for proceedings consistent with this opinion.

LEWIS, C.J., BENTON, and RAY, JJ., CONCUR.