**C.C., a child, Appellant,**

**v.**

**STATE of Florida, Appellee.**

**C.C., a child, Appellant,**

**v.**

**State of Florida, Appellee.**

**C.C., a child, Appellant,**

**v.**

**State of Florida, Appellee.**

Nos. 1D16–1060, 1D16–1061, 1D16–1062.

District Court of Appeal of Florida,
First District.

Nov. 28, 2016.

Rehearing Denied Jan. 10, 2017.

Nancy A. Daniels, Public Defender, Archie F. Gardner, Jr., Assistant Public Defender, Tallahassee, for Appellant.

Pamela Jo Bondi, Attorney General, Heather Flanagan Ross, Assistant Attorney General, Tallahassee, for Appellee.

**B.L. THOMAS, J.**

In these consolidated cases, Appellant, a juvenile, was adjudicated delinquent and committed by the trial court to a non-secure, juvenile-residential facility to ensure proper mental-health treatment. Appellant argues that the trial court erred in upwardly departing from the recommendation of probation by the Department of Juvenile Justice (the Department). But because probation is not a proper commitment-level recommendation, we hold the Department waived its right to object to the commitment level imposed by the trial court and therefore no error occurred below.

Appellant pled guilty to committing two misdemeanors, criminal mischief and resisting an officer without violence, thus violating probation imposed for his previous juvenile-delinquency adjudications, including a misdemeanor domestic battery Appellant committed against his elderly grandmother. Before the disposition hearing, the trial court requested that the Department make a recommendation as to

the appropriate level of commitment for Appellant for the new offenses and probation violation.

In its predisposition report, the Department listed all of Appellant's previous charges, along with narratives from the dean of students at Appellant's school and his mental health counselor, who recommended mental-health treatment within a residential setting; however, the Department recommended Appellant continue on probation with intensive mental-health counseling. Rejecting the Department's recommendation, the trial court committed Appellant to a non-secure residential facility with mental-health treatment.

Section 985.433, Florida Statutes (2016), governs disposition hearings in delinquency cases. Section 985.433(6) grants the trial court discretion regarding the "determination of the suitability or nonsuitability for adjudication and commitment of the child to the department." The statutory scheme mandates the Department to recommend a commitment level and prescribes the extent to which a trial court may disregard the Department's recommendation:

> (a) The department shall recommend to the court the most appropriate placement and treatment plan, specifically identifying the restrictiveness level most appropriate for the child if commitment is recommended....
>
> (b) The court shall commit the child to the department at the restrictiveness level identified or may order placement at a different restrictiveness level. The court shall state for the record the reasons that establish by a preponderance of the evidence why the court is disregarding the assessment of the child and restrictiveness level recommended by the department....

§ 985.433(7)(a-b), Fla. Stat. (2016).

This court has previously held that the "initial determination made under section 985.433(6) ... gives the trial court wide discretion in determining the suitability of commitment of the child to the Department." *J.B.S. v. State*, 90 So.3d 961, 967 (Fla. 1st DCA 2012). And here, the Department recommended probation, which is not a commitment level. *B.K.A. v. State*, 122 So.3d 928, 930 (Fla. 1st DCA 2013) ("Probation is *not* a restrictiveness level because it is a limitation on the freedom of the child 'in lieu of commitment to the custody of the department.' § 985.03(44), Fla. Stat.") (emphasis in original). Thus, by declining to comply with the trial court's request to recommend a commitment level, the Department waived its right to object to any commitment level imposed by the trial court. *Cf. Panzer Law, P.A. v. Palm Beach Cty. Sch. Dist.*, 150 So.3d 823, 825–26 (Fla. 1st DCA 2014) (holding where party fails to challenge specificity of pleading, it waives right to claim that pleading fails to meet legal requirements).

The Department's failure to recommend a commitment level at the request of the trial court was contrary to the statutory scheme, and because the Department refused to fulfill its statutorily prescribed duty to recommend a commitment level, the holding in *E.A.R. v. State*, 4 So.3d 614, 635 (Fla.2009), does not apply. Thus, we hold that the trial court properly "exercised the authority granted to it by chapter 985" when it committed Appellant to the Department and placed him in a non-secure residential facility. *J.B.S.*, 90 So.3d at 968.

AFFIRMED.

WOLF and OSTERHAUS, JJ., concur.