PER CURIAM.
K.M.H. appeals a delinquency disposition order committing her to a moderate-risk residential placement. The Department of Juvenile Justice (DJJ) recommended that K.M.H. be placed on probation with the requirement that she participate in an inpatient drug treatment program. K.M.H. argues that the trial court erred by failing to make the written finding required by section 985.441(2)(d), Florida Statutes, and that such finding was necessary for K.M.H. to be committed to residential placement for a misdemeanor offense. K.M.H. also argues that the trial court erred by failing to comply with the requirements enunciated in E.A.R. v. State, 4 So.3d 614 (Fla.2009) in deviating from DJJ’s recommendation. We agree that reversal is required because the trial court failed to make the written finding mandated by section 985.441(2)(d), Florida Statutes. We decline to reach the second issue raised by K.M.H.
The state properly concedes that the trial court did not make the written finding required by section 985.441(2)(d), Florida Statutes, when it committed K.M.H. to a residential placement for a violation of probation based on a misdemeanor offense. Section 985.441, Florida Statutes, was amended in 2011 to restrict the trial court’s authority to commit an adjudicated juvenile to a residential placement for a misdemeanor offense. Ch. 2011-54, § 1, Laws of Fla. The statute provides that a trial court may not commit a juvenile “for any misdemeanor offense or any probation violation at a restrictiveness level other than minimum-risk nonresidential unless the probation violation is a new violation of law constituting a felony.” § 985.441(2), Fla. Stat. However, the statute provides four exceptions where a juvenile who commits a misdemeanor offense or who violates probation based on a misdemeanor offense may be committed to residential placement:
(2) Notwithstanding subsection (1), the court having jurisdiction over an adjudicated delinquent child whose underlying offense was a misdemeanor may not commit the child for any misdemeanor offense or any probation violation at a restrictiveness level other than minimum-risk non-residential unless the probation violation is a new violation of law constituting a felony. However, the court may commit such child to a low-risk or moderate-risk residential placement if:
(a) The child has previously been adjudicated for a felony offense;
(b) The child has been adjudicated or had adjudication withheld for three or more misdemeanor offenses;
(c) The child is before the court for disposition for a violation of s. 800.03, s. 806.031, or s. 828.12; or
*264 (d) The court finds by a preponderance of the evidence that the protection of the public requires such placement or that the particular needs of the child would be best served by such placement. Such finding must be in writing.
§ 985.441(2), Fla. Stat. (2011) (emphasis added).
Subsection (d) is the only applicable exception to this case. Because the trial court here did not make the required written finding that residential placement is necessary to protect the public or based upon the particular needs of K.M.H., we are constrained to reverse. On remand, the trial court will be provided an opportunity to enter a written order in compliance with section 985.441(2)(d), Florida Statutes, if it can do so. Cf. C.M.H. v. State, 25 So.3d 678, 680 (Fla. 1st DCA 2010) (reversing and remanding “to provide the trial court an opportunity to enter an order in compliance with E.A.R., or, if the trial court cannot, impose the probation recommended by the DJJ”).
REVERSED and REMANDED.
PADOVANO, ROWE, and RAY, JJ„ concur.