CLARK, J.
B.K.A., a juvenile, appeals three disposition orders adjudicating him delinquent and committing him to the custody of the Department of Juvenile Justice (DJJ) for placement in a low-risk residential program with post-commitment probation. He contends that the trial court erred by committing him to a different restrictiveness level than that recommended by the Department without sufficient reasons, in violation of section 985.433(7), Florida Statutes and the requirements set out in E.A.R. v. State, 4 So.3d 614 (Fla.2009). The adjudications are affirmed, but because the Department’s recommendations *929 of probation were not recommendations of a “restrictiveness level” most appropriate for the child, as contemplated by section 985.433(7), Florida Statutes, we reverse the commitments and remand for further proceedings.
In the juvenile proceedings, B.K.A. entered pleas of no contest to battery, grand theft, and burglary of a conveyance. The trial court requested that DJJ prepare a predisposition report (“PDR”) pursuant to section 985.43, Florida Statutes. The PDR included discussion of the three petitions for delinquency, B.K.A.’s previous placement on probation for one of the cases, and DJJ’s determination that B.K.A. was at “Moderate” risk to re-offend. DJJ recommended probation as an appropriate sanction and did not recommend commitment to the Department at any restrictiveness level. The PDR did not include an alternative recommendation of commitment at any restrictiveness level in the event the court decided to commit B.K.A. rather than place him on probation.
During the disposition hearing, the state and the defense agreed with the Department’s recommendation of probation. However, B.K.A.’s mother testified that she did not agree that probation was appropriate. She further testified that B.K.A. had been suspended from school just that week and that she was unable to manage his behavior. She stated that her landlord had demanded that the family vacate their home because B.K.A. had set a fire in the yard two weeks prior to the hearing, and that no other family members would allow them to live with them because he “steals from the family.” In addition, she was certain he frequently smoked marijuana. B.K.A.’s juvenile probation officer testified that the incidents the mother described occurred after the PDR had been submitted, and that when he relayed the new information to his supervisor, he was informed that the recommendations of the Department would stand.
Based upon the PDR on file and the testimony at the adjudicatory hearing, the trial court determined that adjudication of B.K.A. and commitment to the custody of the Department were suitable and that probation was not sufficient to meet B.K.A.’s needs. The court determined that B.K.A. should be committed to a “low risk program followed by probation” in each of the disposition orders. The court explained its reasoning at the hearing, including the mother’s testimony, the previous probation status, and the felony nature of two of the offenses. Written reasons to support the court’s determination were attached to the disposition orders as well.
The two-part process for juvenile dispositions, as set out in section 985.433(6) and (7), Florida Statutes, was described in E.A.R. v. State, 4 So.3d 614, 624 (Fla.2009). Step one is the “[t]he juvenile court’s first responsibility ... to determine whether the child should be adjudicated and committed.” E.A.R., 4 So.3d at 624 (citing § 985.433(6), Fla. Stat.). The court’s determination “shall include considerations of the recommendations of the department, which may include a predisposition report.” § 985.433(6), Fla. Stat. The Department’s predisposition report must include the criteria listed in the statute (Section 985.433(6)(a)-(h), Fla. Stat.) but the court exercises its discretion in considering the criteria. As noted in E.A.R., section 985.433(7) requires that “[i]f the court determines that it should adjudicate the child and commit him or her to the custody of the DJJ, it is required to state this determination on the record or in writing.” E.A.R., 4 So.3d at 624 (citing § 985.433(7), Fla. Stat.). The court must specify its reasons for adjudication and for commitment of the child to the Depart *930 ment. Id. The court’s disposition made under subsection (6), i.e., whether the child is adjudicated delinquent or not, and if adjudicated, whether the child is committed to the department or not, is not ap-pealable. § 985.433(6), Fla. Stat. (“It is not the intent of the Legislature to provide for the appeal of the disposition made under this section.”).
In this case, the circuit court fully complied with step one of the disposition process. The court considered the recommendations of DJJ, which included a predisposition report. DJJ recommended probation rather than commitment in its report. The court stated its determination that the juvenile was adjudicated delinquent and committed to the Department on the record at the hearing and in writing in its disposition orders. The court included specific findings of the reasons for its decision to adjudicate and to commit the child to the Department. As this court recently recognized, in J.B.S. v. State, 90 So.3d 961, 967 (Fla. 1st DGA 2012), “E.A.R. does not apply to the initial determination made under section 985.433(6), which gives the trial court wide discretion in determining the suitability of commitment of the child to the Department.”
The error in these disposition orders is not with the initial determinations of whether the child should be adjudicated delinquent or not and whether he should be committed to the Department or not. The error occurred when the trial court proceeded to step two of the disposition process, as described in section 985.433(7)(a)-(b), without sufficient input from the Department. Specifically, DJJ never provided the court with a recommendation from the juvenile probation officer of “the most appropriate placement and treatment plan, specifically identifying the restrictiveness level most appropriate for the child.” § 985.433(7)(a), Fla. Stat.
Here, the predisposition report presented by DJJ loosely addressed the criteria in section 985.433(6)(a)-(h), Florida Statutes and recommended “probation.” No recommendation regarding commitment at any level was made. Accordingly, there was no identification of a “restrictiveness level” by DJJ, as contemplated by section 985.433(7)(a)-(b). Probation is not a restrictiveness level because it is a limitation on the freedom of the child “in lieu of commitment to the custody of the department.” § 985.03(44), Fla. Stat. In contrast, “restrictiveness level” is defined as the level of “programming and security provided by programs that service ... committed children.” § 985.03(46), Fla. Stat. “Restrictiveness level” refers to “levels of commitment,” and probation is not included in the list of these levels. § 985.03(46)(a)-(e), Fla. Stat. (lowest restrictiveness level is “minimal risk nonresidential,” applicable to committed youth who remain in the community).
Because there was no restrictiveness level identified by the Department, the trial court’s orders that the child would be placed in a “low-risk” commitment did not violate section 985.433(7)(b) or the requirements for detailed explanation of any departure from the Department’s identified restrictiveness level, as set out in E.A.R., 4 So.3d 614 (2009). The trial court’s error was in ordering a level of commitment without requesting a further multidisciplinary assessment and follow-up predisposition report, as the trial judge did in J.B.S. See § 985.43(l)(a), Fla. Stat.
Once the trial court receives a recommendation from the Department of the “most appropriate placement and treatment plan, specifically identifying the restrictiveness level most appropriate for the child,” as required by section 985.433(7)(a), the court may proceed with step two of the disposition in these cases *931 in terms of the level of commitment of the child. A recommendation of “probation” by DJJ, •without any alternative analysis and recommendation in the event the court determines that the child should be adjudicated delinquent and committed to the Department, is insufficient to allow the juvenile court to proceed with a final commitment disposition under section 985.433(7), Florida Statutes.
Accordingly, the disposition orders on appeal are AFFIRMED as to the adjudications of delinquency, but the particulars of the commitments are REVERSED for further proceedings in accordance with this opinion and section 985.433(7), Florida Statutes.
ROWE and SWANSON, JJ., concur.