PER CURIAM.
Appellant, R.C., challenges a delinquency disposition order adjudicating him delinquent and committing him to a moderate-risk facility. Appellant argues that the court erred by failing to comply with the requirements enunciated in E.A.R. v. State, 4 So.3d 614 (Fla.2009), when it deviated from the Department’s recommendation of probation and that the court erred by failing to make written findings as required by section 985.441(2)(d), Florida Statutes. Because the Department did not have sufficient input regarding the appropriate restrictiveness level for Appellant and because the court failed to make the statutorily required findings, we reverse and remand for further proceedings.
After being unsuccessfully terminated from the drug court program, Appellant pled no contest to trespass on school property and to petit theft. The predisposition report discussed Appellant’s family and educational background and his drug addiction. The Department determined that Appellant was a low risk to reoffend, and it recommended placing Appellant on probation. During the disposition hearing, the State objected to the probation recommendation and asked the court to place Appellant in a moderate-risk facility. Based on the predisposition report and the testimony presented, the trial court determined that probation did not sufficiently address Appellant’s need for residential drug treatment, and it committed Appellant to a moderate-risk facility. The court declined to enter a written order stating the reasons for deviating from the Department’s recommendation.
Appellant argues that the trial court erred by failing to comply with the requirements in E.A.R. when it placed him in a moderate-risk facility. As explained in B.K.A. v. State, 122 So.3d 928 (Fla. 1st DCA 2013), E.A.R. does not apply to the trial court’s initial determination of whether a juvenile should be committed to the Department. However, the trial court erred in failing to request an additional multidisciplinary assessment and follow-up predisposition report, as the court did in J.B.S. v. State, 90 So.3d 961, 967 (Fla. 1st DCA 2012), before it determined that a moderate-risk placement was appropriate for Appellant. Id. The trial court also erred in failing to enter a written order in compliance with section 985.441(2)(d), Florida Statutes. K.M.H. v. State, 91 So.3d 262, 263 (Fla. 1st DCA 2012).
We AFFIRM the adjudication of delinquency, but we REVERSE Appellant’s commitment and remand for further proceedings consistent with B.K.A. and section 985.433(7), Florida Statutes.
CLARK, ROWE, and SWANSON, JJ., concur.