PER CURIAM.
Appellant, A.G., challenges a delinquency disposition order adjudicating her delinquent and committing her to a moderate-risk facility. Appellant argues that the court erred by failing to comply with the requirements enunciated in E.A.R. v. State, 4 So.3d 614 (Fla.2009), when it deviated from the Department’s recommendation of probation. Because the Department did not have sufficient input regarding the appropriate restrictiveness level for Appellant, we reverse and remand for further proceedings.
In 2010, Appellant pled no contest to trespass in an occupied structure and resisting an officer without violence, and she was placed on probation. Appellant absconded from probation later that year. In 2013, she admitted to violating her probation. The predisposition report indicated that Appellant had not lived with any family members since she ran away from her father’s home in 2010, that she failed to complete any terms of prior probation, and that she had charges pending under a false name in another county. The Department concluded that Appellant was a moderate risk to reoffend, and it recommended placing her on probation. At the disposition hearing, the State objected to the recommendation and asked the court to place Appellant in a moderate-risk facility. Based on the predisposition report and the testimony presented, the court determined that probation did not sufficiently address Appellant’s need for supervision and protection, and it committed Appellant to a moderate-risk facility.
Appellant argues that the trial court erred by failing to comply with the requirements in E.A.R. when it placed her in a moderate-risk facility. As explained in B.K.A. v. State, 122 So.3d 928 (Fla. 1st DCA 2013), E.A.R. does not apply to the *701 trial court’s initial determination of whether a juvenile should be committed to the Department. However, the trial court erred in failing to request an additional multidisciplinary assessment and follow-up predisposition report, as the court did in J.B.S. v. State, 90 So.3d 961, 967 (Fla. 1st DCA 2012), before it determined that a moderate-risk placement was appropriate for Appellant. Id.
We AFFIRM the adjudication of delinquency, but we REVERSE Appellant’s commitment and remand for further proceedings consistent with B.K.A. and section 985.433(7), Florida Statutes.
REVERSED and REMANDED.
CLARK, ROWE, and SWANSON, JJ., concur.