IN THE DISTRICT COURT OF APPEAL
FIRST DISTRICT, STATE OF FLORIDA

DEPARTMENT OF JUVENILE
JUSTICE,

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

    Petitioner,

CASE NO. 1D14-3007

v.

STATE OF FLORIDA,

    Respondent.

_____/

Opinion filed December 12, 2014.

Petition for Writ of Certiorari – Original Jurisdiction.

John Milla, Assistant General Counsel, Department of Juvenile Justice, Tallahassee, for Petitioner.

Pamela Jo Bondi, Attorney General, and Samuel A. Perrone, Assistant Attorney General, Tallahassee, for Respondent.


WOLF, J.

The Department of Juvenile Justice filed a petition for writ of certiorari seeking review of an order entered by a circuit court judge concerning juvenile cases before that judge. The order required that "if the Department of Juvenile Justice ultimately recommends probation versus commitment in the PDR [predisposition report], the PDR must also include the restrictiveness level recommendation that would meet the child's needs if the Court . . . determines the child is to be committed." We find this

order contravenes section 985.433, Florida Statutes, by combining the two-step process set forth in subsections 985.433(6) and (7). See B.K.A. v. State, 122 So. 3d 928, 929 (Fla. 1st DCA 2013) (finding there is a "two-part process for juvenile dispositions, as set out in section 985.433(6) and (7), Florida Statutes"); J.B.S. v. State, 90 So. 3d 961, 968 (Fla. 1st DCA 2012) (finding the court properly "structured the proceeding as a two-step process in compliance with sections 985.433(6) and (7)(b)"). By contravening the statute, the circuit court judge violated the separation of powers doctrine and thereby acted in excess of his jurisdiction. See State, Dep't of Juvenile Justice v. Soud, 685 So. 2d 1376, 1378-80 (Fla. 1st DCA 1997). While the Legislature may want to consider whether combining the current two-step process would be more efficient, that is the prerogative of the Legislature, not the circuit court. Accordingly, we GRANT the petition for writ of certiorari and QUASH the order.

THOMAS and WETHERELL, JJ., CONCUR.