PER CURIAM.
A.L.M. appeals a final disposition order adjudicating him delinquent, following his guilty plea to breach of the peace, and committing him to the custody of the Department of Juvenile Justice (“Department”) for placement in a non-secure residential program. He argues the trial court reversibly erred when it decided on a commitment restrictiveness level without first obtaining a recommendation from the Department. We agree.
Under section 985.433(7)(a), Florida Statutes (2014), if a court determines that a child should be adjudicated delinquent and committed to the Department’s custody, the Department “shall recommend to the court the most appropriate placement and treatment plan, specifically identifying the restrictiveness level most appropriate for the chüd[.]” In B.K.A. v. State, 122 So.3d 928, 929-31 (Fla. 1st DCA 2013), we held that where, as in this case, the Department’s initial predisposition report recommends probation in lieu of commitment; but the court determines adjudication and commitment are justified, the court must obtain a supplemental recommendation from the Department on the appropriate restrictiveness level if the initial report does not address commitment placement alternatives. See J.B.S. v. State, 90 So.3d 961 (Fla. 1st DCA 2012) (discussing and approving trial court’s request for restrictiveness level recommendation after rejecting initial recommendation of probation in lieu of commitment).
Accordingly, we affirm the disposition order on appeal as to the adjudication of delinquency, but reverse the non-secure residential commitment placement and remand for further proceedings consistent with B.KA. and section 985.4S3(7)(a).
AFFIRMED, in part; REVERSED, in part; and REMANDED.
ROBERTS, C;j., MARSTILLER, and MAKAR, JJ., concur.