DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**R.L.C.,** a child,
Appellant,

v.

**STATE OF FLORIDA,**
Appellee.

No. 4D17-1379

[April 4, 2018]

Appeal from the Circuit Court for the Nineteenth Judicial Circuit, St. Lucie County; Michael Heisey, Judge; L.T. Case Nos. 562017CJ000086A, 562016CJ000826A and 562016CJ000645B.

Carey Haughwout, Public Defender, and Virginia Murphy, Assistant Public Defender, West Palm Beach, for appellant.

Pamela Jo Bondi, Attorney General, Tallahassee, and Joseph D. Coronato, Jr., Assistant Attorney General, West Palm Beach, for appellee.

MAY, J.

The juvenile appeals a disposition order committing him to a non-secure residential program. He argues the trial court erred in failing to make the requisite findings to support its decision. We agree and reverse in part.

The State charged the juvenile, and he pled in three separate cases, including two violations of probation. The Department of Juvenile Justice ("DJJ") recommended probation. The trial court ultimately adjudicated him delinquent and committed him to a non-secure residential program.

In the first case, the juvenile pled no contest to one count of battery, a first degree misdemeanor. The State nolle prossed a second count. The trial court withheld adjudication and placed him on probation.

Two months later, the juvenile pled no contest to a disorderly conduct charge, a second degree misdemeanor, and the State nolle prossed a disruption of an educational institution charge. The juvenile also admitted

a probation violation. The trial court withheld adjudication and again placed him on probation.

In the third case, the juvenile admitted the probation violations and pled no contest to one count of battery and one count of assault. The trial court requested a comprehensive evaluation, staffing, and predisposition report. The court specifically requested the DJJ to "include a written recommendation for a restrictiveness level as defined in Florida Statute 985.03(44)." The court placed the juvenile on home detention pending the disposition hearing.

In its predisposition report, the DJJ indicated that the juvenile could remain on probation and be treated in the community. But, if he continued to violate probation—including incurring new law violations—then program placement would need to be considered. The predisposition report indicated the juvenile was a moderate to high level risk to re-offend.

A week after his comprehensive evaluation interview, and while on home detention, the juvenile received a school disciplinary referral for assaulting a pregnant student. He was suspended from school and another probation violation was filed for the new substantive offense and for failing a drug test.

At the disposition hearing, the State requested the trial court to follow the DJJ's alternative recommendation and place the juvenile in a non-secure residential program. Defense counsel asked the court to follow the DJJ's recommendation of probation.

The trial court then stated:

> I am noting for the record that you entered your plea on April 6, 2017. You were placed on home detention April 22nd. There was a violation of that home detention for the – I'll call it an altercation, incident, whatever – however you want to phrase it that occurred at school. Now [the juvenile] is here for sentencing. . . . Now after entering his plea on April 6th after being put on home detention on April 22nd, [the juvenile] assaulted a young lady at school while on home detention pending placement for the pending disposition, excuse me, on two battery cases, an assault and a disorderly conduct by telling this pregnant young lady that "I'll kill you and your jit. I'm gonna sucker punch you in the stomach." That is while on home detention, that is while pending disposition. I find by the preponderance of the evidence that the protection of

2

the public supports a commitment to non-secure residential. Sir, I am adjudicating you delinquent, I am committing you to non-secure residential. Due to your age, I am going to follow that with a direct discharge. As soon as you are complete with that program and successful, you will be released and whatever you do will be dealt with in the adult system if you break the law again.

The juvenile did not object to the disposition, but now appeals his disposition.

The juvenile argues the trial court erred in failing to make the written findings mandated by section 985.441(2)(d), Florida Statutes (2016). The State agrees, and so do we.

Section 985.441(2) provides:

[T]he court having jurisdiction over an adjudicated delinquent child whose offense is a misdemeanor, . . . may not commit the child for any misdemeanor offense or any probation violation that is technical in nature and not a new violation of law at a restrictiveness level other than minimum-risk nonresidential. However, the court may commit such child to a nonsecure residential placement if:

. . .

(d) The court finds by a preponderance of the evidence that the protection of the public requires such placement or that the particular needs of the child would be best served by such placement. **Such finding must be in writing.**

(Emphasis added).

A court errs in ordering a juvenile to a non-secure residential program without making the required written findings. *K.M.H. v. State*, 91 So. 3d 262, 264 (Fla. 1st DCA 2012). While the State agrees with the law, it suggests the lack of findings amounts to a scrivener's error. It acknowledges however that "[t]he case should be remanded so that the trial court can check the appropriate box and write down its findings orally pronounced at the disposition hearing." We reverse on this issue and remand the case to the trial court to comply with section § 985.441.

In his second issue, the juvenile argues there was insufficient evidence

3

that he was a danger to the public and should be committed. We have reviewed the record and disagree. Here, the trial court orally pronounced the juvenile's history of multiple violent crimes against persons, multiple probation violations, and his violation of home detention while awaiting disposition. The court orally announced it was adjudicating the juvenile delinquent, and committing him to a non-secure residential program for the protection of the public. The trial court complied with the statutory requirements. We affirm on this issue without further comment.

*Affirmed in part; reversed in part and remanded.*

GERBER, C.J., and DAMOORGIAN, J., concur.

* * *

***Not final until disposition of timely filed motion for rehearing.***