PER CURIAM.
K.R., a juvenile, appeals her commitment to a nonsecure residential program. She asserts that the trial court erred when it failed to make the written findings mandated by section 985.441(2)(d), Florida Statutes (2018). The State correctly and commendably concedes error.
A juvenile, who is on probation for a misdemeanor and who is being adjudicated for a technical probation violation, may be *1237 committed to a nonsecure residential placement only if the court finds by a preponderance of the evidence that the protection of the public or the particular needs of the child would best be served by such a placement. § 985.441(2)(d), Fla. Stat. (2018). Such findings must be in writing. Id. The court errs in sending a juvenile to a nonsecure residential program without making the required written findings. R.L.C. v. State, 241 So. 3d 199, 201 (Fla. 4th DCA 2018).
Here, the trial court's oral reasoning demonstrated that it found K.R.'s particular needs would best be served by placing her in a nonsecure residential program. We affirm the adjudication of delinquency, but reverse K.R.'s commitment. We remand the matter to the trial court so that it may reduce its oral findings to writing.
AFFIRMED in part, REVERSED in part, and REMANDED.
ORFINGER, BERGER and SASSO, JJ., concur.