DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**A.B.,** a child,
Appellant,

v.

**STATE OF FLORIDA,**
Appellee.

No. 4D19-3873

[February 10, 2021]

Appeal from the Circuit Court for the Nineteenth Judicial Circuit, St. Lucie County; Robert B. Meadows, Judge; L.T. Case Nos. 2018CJ000280A and 2017CJ000269A.

Carey Haughwout, Public Defender, and Patrick B. Burke, Assistant Public Defender, West Palm Beach, for appellant.

Ashley Moody, Attorney General, Tallahassee, and Lindsay A. Warner, Assistant Attorney General, West Palm Beach, for appellee.

PER CURIAM.

The juvenile appeals the trial court's disposition orders adjudicating him delinquent and committing him to a nonsecure residential program. As the State concedes, the trial court erred when it failed to make the written findings required by section 985.441(2)(d), Florida Statutes (2019).

Section 985.441(2)(d) provides:

> (2) Notwithstanding subsection (1), the court having jurisdiction over an adjudicated delinquent child whose offense is a misdemeanor, or a child who is currently on probation for a misdemeanor, may not commit the child for any misdemeanor offense or any probation violation that is technical in nature and not a new violation of law at a restrictiveness level other than minimum-risk nonresidential. However, the court may commit such child to a nonsecure residential placement if:
> . . .

(d) The court finds by a preponderance of the evidence that the protection of the public requires such placement or that the particular needs of the child would be best served by such placement. *Such finding must be in writing.*

(Emphasis added).

"A court errs in ordering a juvenile to a non-secure residential program without making the required written findings." *R.L.C. v. State*, 241 So. 3d 199, 201 (Fla. 4th DCA 2018). When a trial court fails to make such written findings, the case should be reversed and remanded for the trial court to comply with section 985.441. *See id.*; *see also K.R. v. State*, 274 So. 3d 1236, 1237 (Fla. 5th DCA 2019) (reversing and remanding for the trial court to reduce to writing its oral findings that the appellant's "particular needs would best be served by placing her in a nonsecure residential program"); *R.S. v. State*, 204 So. 3d 990, 990 (Fla. 1st DCA 2016) (reversing disposition order and remanding for the trial court to make the required written findings to support its placement decision "or if it is unable to do so, to enter an appropriate disposition order"); *K.M.H. v. State*, 91 So. 3d 262, 264 (Fla. 1st DCA 2012) (reversing and remanding for the trial court to enter a written order in compliance with section 985.441(2)(d) "if it can do so").

Here, the trial court made an oral pronouncement at the disposition hearing to support its decision to commit the juvenile to a nonsecure residential program, finding that the juvenile's needs would be best met by a nonsecure program:

> [T]he Court is . . . finding by a preponderance of the evidence that the . . . particular needs of this youth are best served in that placement. This isn't a case of protecting the public. It's a case of protecting the youth from themselves.

Despite the trial court's indication that it would reduce its findings to writing, it failed to do so. We therefore affirm the juvenile's adjudications of delinquency, but reverse his commitment and remand for the trial court to reduce its oral findings to writing in compliance with section 985.441.

*Affirmed in part, reversed in part, and remanded with directions.*

LEVINE, C.J., GROSS and CONNER, JJ., concur.

\* \* \*

*Not final until disposition of timely filed motion for rehearing.*